UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARYL WAYNE SWINDLEHURST,

       Plaintiff,                    CIVIL ACTION NO. 11-12195

       v.                              DISTRICT JUDGE BERNARD A. FRIEDMAN

COMMISSIONER OF                MAGISTRATE JUDGE MARK A. RANDON
SOCIAL SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION TO GRANT**
**DEFENDANT'S MOTION TO DISMISS (DKT. 4)**

This matter is before the undersigned Magistrate Judge pursuant to an order of reference filed May 19, 2011 (Dkt. 3). On July 19, 2011, Defendant filed a motion to dismiss, contending that Plaintiff's Complaint seeking judicial review of the Commissioner's decision was filed untimely. Plaintiff filed a response opposing the motion (Dkt. 5) and Defendant filed a reply (Dkt. 6). The motion is therefore ready for Report and Recommendation.

## ANALYSIS

Judicial appeals of Social Security decisions are authorized and governed by 42 U.S.C. § 405(g), which provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Consistent with this statutory authority, the Commissioner's regulations provide that such a civil action:

> [M]ust be instituted within 60 days after the Appeals Council's notice of denial of

>request for review of the presiding officer's decision . . . is received by the individual . . . . For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision . . . shall presumed to be 5 days afer the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c). The statute of limitations as set forth in section 405(g) serves the dual purpose of eliminating stale claims and providing "a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). Courts have strictly construed the statute of limitations in Social Security appeals. "Even one day's delay in filing the action is fatal." *Wiss v. Weinberger*, 415 F. Supp. 293, 294 (E.D. Pa. 1976); *see also Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (affirming district court's dismissal of complaint filed one day late); *Watson v. Comm'r of Soc. Sec.*, No. 1:06-cv-446 (W.D. Mich. Sept. 10, 2007) (appeal dismissed as untimely when filed four days late); *Zampella v. Barnhart*, No. 03-232-P-C, 2004 WL 1529297 (D. Me. June 16, 2004) ("[w]hile this result might be considered harsh, delays of a single day have been held to require dismissal").

In this case, the Appeals Council's decision denying Plaintiff's request for review (dated January 25, 2011) rendered the ALJ's decision the "final decision" of the Commissioner. *See* 20 C.F.R. § 404.981. In the letter denying Plaintiff's request for review, the Appeals Council informed Plaintiff that he had the right to commence a civil action within 60 days from the time he received the letter (Dkt. 4; Ex. 2). The Appeals Council letter also stated that the Agency would presume that Plaintiff received the letter five days after the date stamped on the letter, and that if Plaintiff could not file a Complaint within the 60-day period, he could request an extension of time from the Appeals Council in which to commence a civil action in federal court. *See id.*

Instead of filing a Complaint in this Court for judicial review, or requesting an extension of time to do so, Plaintiff requested reopening of his case and, on March 24, 2011, the Appeals Council sent Plaintiff and his representative by mail notice of its decision not to reopen the case. *See id.* at 3, Ex. 3.  This notice informed Plaintiff that, under the Agency's rules, Plaintiff did not have the right to judicial review of the Appeals Council's denial of Plaintiff's request for reopening.  *See id.*  Plaintiff then filed his Complaint in this Court on May 19, 2011 (Dkt. 1).

Here, the Appeals Council denied Plaintiff's request for review on January 25, 2011 (Dkt. 4, Exs. 1 & 2).  Plaintiff had 65 days from this date – that is, until March 31, 2011 – to request an extension of time from the Appeals Council or file his Complaint in this Court.  Therefore, Plaintiff's Complaint – filed on May 19, 2011 – is clearly untimely, and must be dismissed.[1]  *See Harper v. Sec'y of Health & Human Servs.*, 978 F.2d 260, 262 (6th Cir. 1992) ("A refusal to reopen a prior application is not a final decision and may not be reviewed by the courts."); *Blacha v. Sec'y of Health & Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990) ("A court may not review a refusal to reopen an application for benefits absent a constitutional challenge").  Plaintiff does not raise a constitutional challenge in this case.

Plaintiff's response to Defendant's motion to dismiss argues that the Court should permit equitable tolling in this matter.  Courts consider the following factors in determining whether equitable tolling of a statute of limitations should apply:

> (1) the [plaintiff's] lack of [actual] notice of the filing requirement; (2) the [plaintiff's] lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the [defendant]; and (5) the [plaintiff's] reasonableness in remaining ignorant of the legal requirement for

---

[1] Furthermore, the date the Appeals Council denied Plaintiff's request to "reopen" the case – on March 24, 2001 – was still a week prior to the March 31, 2011 deadline for Plaintiff to file a timely Complaint in this matter. Plaintiff still failed to file his Complaint on time, even though he had time to do so after the Appeals Council denied his request to "reopen" his case.

filing his claim.

*Cook*, 480 F.3d at 437 (quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)). In this case, Plaintiff's response evidences that he cannot claim lack of notice or knowledge of the filing requirement. The Appeals Council notice clearly sets forth the requirements, including the deadline, and further informs parties of the ability to ask for an extension of the deadline. Therefore, the first and second factors weigh against Plaintiff. Plaintiff did not request any extensions.

Plaintiff avers in his response that he is entitled to the benefit of equitable tolling because the Appeals Council "misled" him into filing his Complaint too late (Dkt. 5 at 5-6). Plaintiff asserts that the Appeals Council misled him by not reviewing all the evidence he submitted when he initially requested Appeals Council review which, he argues, prompted him to request a second review from the Appeals Council. *Id.* Plaintiff's argument for the application of equitable tolling is not well-taken. Plaintiff's response brief cites to no representation made by the Appeals Council on which he detrimentally relied, nor does he explain why he did not or could not consult the published regulations that govern the timeliness of requests for judicial review. At all relevant times, Plaintiff appears to have been represented by counsel. As for diligence in pursuing his rights, Plaintiff again failed to explain why he did not heed the advice of the Appeals Council set forth in the initial Notice of Appeals Council Action and promptly file a Complaint in this Court. Furthermore, Plaintiff does not explain why he failed to request from the Appeals Council additional time in which to file a Complaint. Simply put, it was not reasonable for Plaintiff to remain ignorant of the legal requirements for filing his Complaint. As such, Defendant's motion to dismiss should be granted, and Plaintiff's Complaint should be dismissed.

**CONCLUSION**

For the reasons set forth about, **IT IS RECOMMENDED** that the Commissioner's motion to dismiss be **GRANTED** and that the case be **DISMISSED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                              s/Mark A. Randon
                                              Mark A. Randon
                                              United States Magistrate Judge

Dated: February 6, 2012

<u>Certificate of Service</u>

*I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, February 6, 2012, by electronic and/or ordinary mail.*

                                                     *<u>s/Melody R. Miles</u>*
                                                     *Case Manager to Magistrate Judge Mark A. Randon*
                                                     *(313) 234-5542*