UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARYL WAYNE SWINDLEHURST,

    Plaintiff,                                             Civil Action No. 11-CV-12195

vs.                                                     HON. BERNARD A. FRIEDMAN

MICHAEL J. ASTRUE,

    Defendant.
_____/

**ORDER ACCEPTING AND ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION AND DISMISSING THE COMPLAINT**

This matter is presently before the court on defendant's motion to dismiss [docket entry 4]. Magistrate Judge Mark A. Randon has submitted a Report and Recommendation ("R&R") in which he recommends that the motion be granted. Plaintiff has filed timely objections to the R&R and defendant has responded to plaintiff's objections.

Having reviewed the matter *de novo*, as required by Fed. R. Civ. P. 72(b)(3), the court is persuaded that the magistrate's analysis of the issues is correct and that his recommendation is sound. Plaintiff's complaint was filed more than 60 days after he received the commissioner's final decision denying his claim for disability benefits. While not jurisdictional, the 60-day filing deadline is strictly enforced, *see, e.g., Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432 (6th Cir. 2007), and plaintiff clearly missed the deadline in this case. The Appeals Council's decision not to review the ALJ's decision is dated January 25, 2011. By regulation, plaintiff presumptively received this decision five days later, and he has not rebutted this presumption. Therefore, plaintiff had until March 31, 2011, to seek review of that decision by filing a complaint in the appropriate United States District Court. Plaintiff did not commence suit until May 19, 2011, thereby missing this filing

deadline by 49 days.

The filing deadline was not altered by the fact that plaintiff asked the Appeals Council to reconsider its decision in light of evidence plaintiff believed it may have overlooked.[1] The Social Security Act requires a dissatisfied claimant to file suit within 60 days of receiving the commissioner's "final decision."  42 U.S.C. § 405(g).  Under the applicable implementing regulation, the final decision which triggers commencement of this 60-day filing period is "the Appeals Council's notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council." 20 C.F.R. § 422.210(c). *See also Cook*, 480 F.3d at 435.  Plaintiff cites no authority, and the court is aware of none, for the proposition that the 60-day filing deadline is tolled when, as in the present case, plaintiff asks the Appeals Council to reconsider its decision.  To the contrary, defendant cites extensive case authority for the proposition that the Appeals Council's decision not to reopen a prior decision is not reviewable.  *See, e.g., Harper v. Sec'y of Health and Human Servs.*, 978 F.2d 260, 262 (6th Cir. 1992).  Nor, for the reasons stated by the magistrate judge, is there any basis in this case to equitably toll the filing deadline.

For these reasons, the court agrees with the magistrate judge's conclusion that plaintiff's complaint must be dismissed as untimely.  Accordingly,

---

[1] Documents attached to defendant's motion to dismiss and to plaintiff's response thereto indicate that the Appeals Council's decision not to review the ALJ's denial of plaintiff's application is dated January 25, 2011.  That notice clearly informed plaintiff that if he disagreed with the decision he could seek judicial review, but that he must file suit within 60 days or ask the Appeals Council for additional time to do so.  In a letter to the Appeals Council dated February 23, 2011, plaintiff did not ask for additional time to file suit but, instead, questioned whether the Appeals Council had overlooked certain medical documents and, if so, he requested that the Appeals Council's decision be "vacated."  In a letter to plaintiff dated March 24, 2011, the Appeals Council indicated that it construed his February 23 letter as a "request for reopening" and that the request was denied.  The March 24 letter further indicated that no judicial review of the denial of the request for reopening was available.

IT IS ORDERED that Magistrate Judge Randon's R&R is hereby accepted and adopted as the findings and conclusions of the court.

IT IS FURTHER ORDERED that defendant's motion to dismiss the complaint is granted.

                                         S/Bernard A. Friedman_____
                                         BERNARD A. FRIEDMAN
                                         SENIOR UNITED STATES DISTRICT JUDGE

Dated:  May 9, 2012
       Detroit, Michigan